IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIEL BOSWELL and KEITH BOSWELL, : | |
| Plaintiffs : | |
| v. : | 3:CV-08-915 |
| : | (JUDGE VANASKIE) |
| Det. WENDY BENTZONI, et al., : | |
| : | |
| Defendants : | |

MEMORANDUM AND ORDER

On May 12, 2008, Plaintiffs Ariel and Keith Boswell, proceeding pro se, filed this action alleging violations of 18 U.S.C. §§ 241 and 242. Named as Defendants are Detective Wendy Bentzoni, Judge Anthony D. Fluegel, Sgt. Jeffery Bowman, Chief Harry W. Lewis, the Monroe County District Attorney's Office, and the Pocono Mountain Police Regional Department. (Complaint, Dkt. Entry 1.) Defendants' alleged violations included an illegal search of Keith Boswell's person on March 26, 2008, harassment of Plaintiffs' three year old daughter, racial profiling, false statements in state court proceedings, and a purportedly arbitrary denial of a counterclaim. Along with their Complaint, Plaintiffs filed a Motion for Leave to Proceed In Forma Pauperis. (Dkt. Entry 2.)

Almost one month later, on June 2, 2008, Plaintiffs filed an addendum to their Complaint. (Dkt. Entry 3, marked "Addendum.") In the addendum to the Complaint, Plaintiffs added three additional Defendants – Robert Safin, Capt. S. Veshishon, and Magistrate Judge John D. Whitesell. They also inserted allegations that Defendants violated 18 U.S.C.§ §

1512(b)(1), (b)(2)(A) and (c)(2), 1513, 1514, as well as the due process clauses of the fifth and fourteenth amendments of the United States Constitution.  (See addendum to Complaint.) Thereafter, on June 9, 2008, Plaintiffs made two additional filings.  The first, entitled "Motion to Dismiss: Witness Tampering," contained two numbered paragraphs concerning events that occurred on April 21, 2008, in a park.  (Dkt. Entry 4.)  The second, meant to accompany the motion to dismiss, included affidavits of probable cause by police officers and a short statement by Plaintiffs pertaining to the incident of March 26, 2008.  (Dkt. Entry 5.)  Plaintiffs also filed Motions to Appoint Counsel on June 9, 2008 (Dkt. Entry 6), and June 24, 2008.  (Dkt. Entry 7.)

    I.  The Complaint and Addendum to the Complaint

    Pursuant to 28 U.S.C. § 1915(e)(2), in proceedings in forma pauperis, a court shall dismiss a claim if it determines that the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Although pro se litigants, such as Plaintiffs, are accorded substantial deference in federal court.  Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980), they are not free to ignore the Federal Rules of Civil Procedure.

    Federal Rule of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain: "a short and plain statement of the claim showing that the pleader is entitled to relief," which "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" Bell Atl. Corp. v Twombly, --- U.S. ----, 127 S.Ct. 1955, 1959 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957).   In this regard, "[a] party must state its claims . . . in numbered paragraphs, each limited to a single set of circumstances" and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." FED. R. CIV. P. 10(b).

    Plaintiffs' Complaint and subsequent addendum do not meet the mandates of the Federal Rules of Civil Procedure.  Plaintiffs' original Complaint on its face is sufficiently clear, as it contains numbered paragraphs, identifies the actions of each individual defendant, and sets forth claims under 18 U.S.C. §§ 241 and 242.  (See Complaint.) The defect of this pleading, however, is that there is no private cause of action for damages under these provisions of the United States criminal code.  See  United States v. City of Phila., 482 F. Supp. 1248, 1260-63 (E.D. Pa. 1979); Walsh v. Krantz, No. 1:07-cv-0616, 2008 WL 2329130, at *4 (M.D. Pa. June 4, 2008); Carpenter v. Ashby, No. 06-1451, 2007 WL 210438, at *3 (E.D. Pa. Jan. 25, 2007). Thus, Plaintiffs have not presented a cognizable claim for relief in their initial Complaint.

    Plaintiffs' addendum to the Complaint does not cure the defect.  First, the addendum does not comport with Fed. R. Civ. P. 10(b).  The addendum contains a protracted narration of allegations and statements.  All throughout, Plaintiffs confusingly list paragraphs of allegations and statements followed by lists of statutes and cases.  (See Addendum to Complaint.)  For

3

example, Plaintiffs state:

> Due Process
> PFA-Protection From Abuse Order - Pocono Mountain Regional Police Department falsifying criminal charges, as no charges was filed that day as no one committed a crime As to discredit, attack economically, distress mentally, acting under the color of law, A. B.(4), K.B.(6), Ariel Boswell and Keith Boswell, as matter of fact that the Pocono Mountain Regional Police Dept. are violating title 18 section, 241, 242, 1512, 1513, (witness tampering, under the color of law, etc. . .) which gives rise to section, 1514 (Civil action to restrain harassment of a victim and witness) of title 18 which, we seek institution immediately.  As confidence in Monroe County's Judicial system is discriminatory and not useful, conspiratorial and detrimental to the Boswell's, livelihood.

(Addendum to Complaint, at 3.) The following subheadings listed in the addendum are equally confusing:

> Dismissal:  Due Process; Permanent injunction; Addendum to the addendum; Due Process: Violation of the 14th Amendment; Motion to Dismiss: Due Process under the Fifth Amendment: witness tampering, et. al.; Motion to Dismiss: Addendum; Due Process under the Fifth Amendment: Entrapment; Selective Prosecution with malicious intent; and Due Process under the Fifth Amendment: Unreasonable Multiplication of charges (enclosed) 14th.

Apparently, several claims have been added in the addendum, but it is unclear which Defendants are implicated by the new claims, or how to construe the addendum with the original complaint.  It is extremely difficult for the Court to decipher the allegations, and Defendants cannot be expected to understand the allegations to enable them to prepare a proper response.  Furthermore, it is clear that Plaintiffs have no private cause of action for the alleged violation of 18 U.S.C. §§ 1512 and 1514 asserted in the addendum to the Complaint.

See Baker v. City of Hollywood, No. 08-60294-CIV, 2008 WL 2474665, at *9 (S.D. Fla. June 17, 2008); Joynes v. Meconi, Civ. Action No. 05-332 GMS, 2006 WL 2819762, at *10 (D. Del. Sept. 30, 2006); Gipson v. Callahan, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997). The Complaint and the addendum fail to satisfy the requirements of Rules 8 and 10.[1]  See Purveegiin v. Pike County Correctional Facility, No. 3:CV06-0300, 2006 WL 1620219, at *2-3. (M.D. Pa. June 6, 2006).

It is thus clear that dismissal of this action is warranted.  Plaintiffs, however, will be afforded twenty (20) days for the filing of an amended complaint.  Plaintiffs are directed to file a comprehensive amended complaint that sets forth their claims in short, concise, plain statements in sequentially numbered paragraphs.  The Complaint must be a new pleading which stands by itself without reference to the documents already filed.  The amended complaint must be complete in all respects.  Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992).  It should identify the claim asserted, the defendants implicated, and the precise actions of each defendant that allegedly violated their rights.  See Bieros v. Nicola, 860 F. Supp. 226, 236 (E.D. Pa. 1994) (affording pro se plaintiffs leave to amend an amended complaint, directing them to "file a comprehensive amended complaint which simply, concisely and directly states

---

[1] Plaintiffs' addendum to the Complaint is similar to the Amended Complaint in Washington v. Grace, No. 4:07-CV-0867, 2008 WL 163053, at *3 (M.D. Pa. Jan 15, 2008), where this Court found that "Plaintiff's seventy-six (76) page Amended Complaint is neither short nor plain . . ." and "so diffuse as to be patently unanswerable."

factual, not conclusory, averments of each Defendant's alleged violation(s) of Plaintiff's civil rights."); Meekins v. Colleran, No. 3:CV 05 1394, 2005 WL 2133677, at *1 (M.D. Pa. Sept. 1, 2005). If Plaintiffs wish to include other documents along with the Complaint, the documents should be labeled as exhibits and attached to the Complaint. Plaintiffs are further advised that a failure to timely respond in the manner explained above will result in the dismissal of this case.

II.  Motions to Appoint Counsel

Plaintiffs filed two Motions to Appoint Counsel – on June 9, 2008, and June 24, 2008. (Dkt. Entries 6 & 7.) In Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), the court developed a list of criteria to aid the district courts in deciding whether the trial court should try to secure counsel for an indigent party. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. Tabron, 6 F.3d at 155. If a claimant overcomes this threshold hurdle, other factors to consider include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. Id. at 155-57. The appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for

example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Because of the confusing and disjointed nature of the addendum to the Complaint, the Court cannot adequately perform a threshold screening of this pleading to determine whether it presents a viable claim for relief. Thus, Plaintiffs have not made the requisite threshold showing of a claim of arguable merit in fact and law. Accordingly, the motions for appointment of counsel will be denied.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion to Proceed in forma pauperis (Dkt. Entry 2) is GRANTED.

2. Plaintiffs' Complaint (Dkt. Entry 1), along with the addendum (Dkt. Entry 3), is DISMISSED.

3. Plaintiffs may file an Amended Complaint within twenty (20) days of the date of this order in accordance with the Federal Rules of Civil Procedure as explained in this order. Plaintiffs are admonished that a failure to do so will result in dismissal of this action.

4. Plaintiffs' motions for appointment of counsel (Dkt. Entries 6 & 7) are DENIED.

                s/ Thomas I. Vanaskie
                Thomas I. Vanaskie
                United States District Judge